Dennis Clay (Petie)
**SETTLEMIRE, Appellant,**

v.

**R. WATSON, Building Sergeant; J. Blankenship, Building Sergeant, Tucker Maximum Security Unit, Appellees.**

No. 89–1737.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1989.

Decided June 9, 1989.

Rehearing Denied July 18, 1989.

Dennis Clay (Petie) Settlemire, pro se.

No appearances for appellees.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Dennis Settlemire, an inmate of the Tucker Maximum Security Unit, Arkansas Department of Correction, appeals the dis-

trict court's[1] order dismissing his complaint filed under 42 U.S.C. § 1983. We affirm.

In his complaint Settlemire alleged that building sergeants R. Watson and J. Blankenship used force to put him in a van for transfer to federal court, in the company of general population inmates and one administrative segregation inmate. Settlemire claimed that the sergeants then forced him into a holding cell with an administrative segregation inmate and a mental health inmate as part of a conspiracy to have him killed. Settlemire attributed these actions and others to his filing grievances against the sergeants. Settlemire claimed that Watson had him assaulted by other correction officers not named in the complaint. Settlemire's prayer for relief included "super special protective custody," transfer to another state, damages, and investigation of Arkansas State penitentiary employees.

In an affidavit filed December 21, 1988, Settlemire requested to have the lawsuit dismissed. Then, in a motion filed January 4, 1989, Settlemire reported a change in mind and moved the court not to dismiss the case.

On February 13, 1989, the district court allowed the withdrawal of the motion for voluntary dismissal and held that Settlemire's allegations concerning his transport and holding failed to state a claim of constitutional magnitude, and dismissed that portion of the complaint. The district court then gave Settlemire thirty days to amend his complaint in order to state facts to support his claim that defendant Watson had other officers assault him. Settlemire did, in fact, file two other documents with the court, but these dealt with other subject matter.[2]

On April 20, 1989, the district court dismissed Settlemire's action without prejudice pursuant to Rule 3(c)(2) of the Rules of the United States District Court for the Eastern and Western Districts of Arkansas, for failure to comply with the court's order of February 13, 1989, to amend complaint. Rule 3(c)(2) states in relevant part:

> If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

As the questions presented do not require further consideration, we affirm. *See* 8th Cir.R. 12(a). Our action is without prejudice to Settlemire's right to refile a complaint relating to the alleged assault upon him.

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

2. The district court did not address these additional claims and neither shall we. *See Little v.*

*Norris,* 727 F.2d 1241, 1243 n. 4 (8th Cir.1986). Settlemire, however, is not precluded from raising these claims in a subsequent complaint. *See id.*