# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3144

_____

Charles A. Winston

*Plaintiff - Appellant*

v.

Wendy Kelly, Deputy Director of Health Services, Arkansas Department of Correction

*Defendant*

Jan Alexander, Nurse, CMS, Pine Bluff Unit, ADC

*Defendant - Appellee*

James Blackmon, Dr., CMS Cummins Unit, ADC

*Defendant*

Robert Rectenwald, Dr. CMS, Cummins Unit, ADC; Marie Austin, Director of Nurses, CMS, Cummins Unit, ADC; Rory Griffin, Health Service Administrator, CMS, Cummins Unit, ADC; Crystal Woods, Classification Officer, Cummins Unit, ADC

*Defendants - Appellees*

Larry Norris, Former Director, Arkansas Department of Correction

*Defendant*

Ella Taylor, APN, CMS, FCI - Forrest City

*Defendant - Appellee*

Charlotte Green, Health Service Administrator, Tucker Unit, ADC

*Defendant*

Roland Anderson, Dr., CMS Regional Medical Director; Barry Greenlee, Sgt., Cummins Unit, ADC

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

————————

Submitted: September 5, 2014
Filed: September 11, 2014
[Unpublished]

————————

Before BYE, SMITH, and KELLY, Circuit Judges.

————————

PER CURIAM.

Inmate Charles A. Winston appeals the district court's[1] adverse rulings on the claims in his 42 U.S.C. § 1983 action. Upon careful consideration of Winston's arguments for reversal, we find no basis for overturning the district court's determination that some claims were time-barred, see Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001) (three-year statute of limitations for § 1983 claims in Arkansas);

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

that dismissal under Federal Rule of Civil Procedure 25(a) was warranted as to one defendant, see Settlemire v. Watson, 877 F.2d 13, 14 (8th Cir. 1989) (per curiam) (any party proceeding pro se is expected to be familiar with and follow procedural rules); and that summary judgment was warranted on the merits of his deliberate indifference claims against two defendants, see Ellis v. Houston, 742 F.3d 307, 318 (8th Cir. 2014) (de novo review); see also Thompson v. King, 730 F.3d 742, 746-47 (8th Cir. 2013) (deliberate-indifference standard).[2] The judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____

_____

[2] Winston has abandoned some claims, see Hess v. Ables, 714 F.3d 1048, 1051 n.2 (8th Cir. 2013); and we do not consider matters he raises for the first time in his opening brief, see Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004), or his reply brief, see White v. Smith, 696 F.3d 740, 749 n.8 (8th Cir. 2012).